UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, for the use and benefit of Optimum Mechanical Systems, Inc. | Case No. 15-CV-3326 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| J.S. Cates Construction, Inc., and United Fire Group, Inc. d/b/a United Fire & Casualty Company. | DEMAND FOR JURY TRIAL<br>YES ___   NO X |
| Defendant. | |

**Complaint for Enforcement of Miller Act Payment Bond**

Plaintiff, United States of America, for the use and benefit of Optimum Mechanical Systems, Inc., for its Complaint against J.S. Cates Construction, Inc., and United Fire Group, Inc. d/b/a United Fire & Casualty Company, states and alleges as follows:

## PARTIES

1.  The United States of America is the entity authorized to enforce payment under the Miller Act. A contractor, within the class of persons protected by the Act, is authorized to pursue the lawsuit in the name of the United States for the contractor's benefit. 40 U.S.C. § 3133(b)(3).

2.  Plaintiff, Optimum Mechanical Systems, Inc. ("OMS"), is a corporation organized under the laws of the State of Minnesota, with its principal place of business located in Little Canada, Minnesota. OMS is engaged in the business of providing construction materials and labor.

3. Upon information and belief, Defendant, J.S. Cates Construction, Inc. ("Cates Construction") is a corporation existing under the laws of the State of Minnesota.

4. Upon information and belief, Defendant United Fire Group, Inc. d/b/a United Fire & Casualty Company, ("UFCC") is a corporation existing under the laws of the State of Iowa doing business in the State of Minnesota.

## JURISDICTION & VENUE

5. Jurisdiction of this action is based upon Sections 3131 to 3133 of Title 40, United States Code (formerly 40 U.S.C. §§ 270(a) and 270(b), known as the "Miller Act."

6. Venue is proper in the District in Minnesota because a substantial part of the events or omissions giving rise to the claim occurred in this District and the principal place of business of OMS is located in the judicial district in Minnesota. Venue is therefore conferred based on 28 U.S.C. §§ 1391(b) and 1391(c).

## COMMON FACTS

7. OMS entered into a subcontract agreement with Cates Construction for HVAC replacement and upgrades at the public project at the Deephaven Elementary School Addition and Renovations, 4452 Vine Hill Road, Deephaven, MN (the "Project").

8. Cates Construction contractually agreed to compensate OMS for the labor and materials provided. Cates Construction has breached the contract by failing to compensate OMS for those materials and labor. OMS has satisfied all of its contractual obligations to Cates Construction.

9. The amount left owing from Cates Construction to OMS is $8,279.11.

10. Cates Construction, on February 20, 2014, obtained a payment bond No. 54-197297 from UFCC (the "Payment Bond") wherein UFCC agreed to issue a bond in the amount of One Million Sixty Thousand Dollars ($1,060,000.00).

11.     The Payment Bond was issued in accordance with the Miller Act, and secures payment to those claimants who have supplied materials or labor for the Project.

12.     OMS is a claimant as defined in the terms of the Payment Bond because OMS was a HVAC subcontractor for the Project and is entitled to be paid in full for the value of its contributions of materials and services.

13.     Pursuant to the terms of the Payment Bond, Cates Construction and UFCC, jointly and severally, bound themselves for the payment of labor and material used for the Project.

14.     OMS last furnished labor and material to the Project on or about August 28, 2014.

15.     Payment is due and owing to OMS for the labor and material furnished.

16.     Or on or about December 19, 2014, OMS submitted, via certified mail, a notice of payment bond claim to UFCC, which was acknowledged by letter from UFCC dated December 29, 2014.

17.     To date, the UFCC has failed to pay OMS's Payment Bond claim.

## CAUSES OF ACTION

### COUNT I.
### BREACH OF CONTRACT - CATES CONSTRUCTION

18.     OMS incorporates the allegations of the previous paragraphs as though fully stated herein.

19.     The agreement between OMS and Cates Construction is a valid agreement, supported by consideration.

20.     OMS has fulfilled all of its obligations under the agreement.

21.     Cates Construction has failed and refused to make the payment due under the parties' agreement.

22.     As a result of the breach of the agreement, OMS has suffered damages in an

amount in excess of $8,279.11, including interest allowed by law, and OMS is entitled to recover its costs, disbursements, and reasonable attorney's fees incurred in this matter.

## COUNT II.
## ACCOUNTS STATED - CATES CONSTRUCTION

23. OMS incorporates the allegations of the previous paragraphs as though fully stated herein.

24. An account has been stated between OMS and Cates Construction whereupon the above-stated balances were found and agreed to be due and owing to OMS. OMS is entitled to damages in excess of $8,279.11 against Cates Construction, including interest as allowed by law. Also, OMS is entitled to recover its costs, disbursements, and reasonable attorney's fees incurred in this matter.

## COUNT III
## UNJUST ENRICHMENT – CATES CONSTRUCTION

25. OMS provided Cates Construction with labor and materials and relied upon Cates Construction's promise to pay them for those labor and materials. Cates Construction has failed to pay OMS for those labor and materials. As a result, Cates Construction has been unjustly enriched in an amount in excess of $8,279.11, including interest as allowed by law, and OMS is entitled to recover its costs, disbursements, and reasonable attorney's fees incurred in this matter.

## COUNT IV
## ENFORCEMENT OF PAYMENT BOND CLAIM – UFCC

26. OMS incorporates the allegations of the previous paragraphs as though fully stated herein.

27. OMS is an entity that has furnished labor and materials for the Project for which the Payment Bond was obtained.

28. OMS has given all proper notice required by the Miller Act.

29.  Pursuant to the terms of the Payment Bond, UFCC is required to release funds to OMS for the unpaid labor and materials OMS provided to Cates Construction on the Project.

30.  Cates Construction has failed and refused to release funds to OMS in violation of the Payment Bond.

31.  OMS is entitled to a judgment against Cates Construction in an amount in excess of $8,279.11, including interest as allowed by law, costs, disbursements, and reasonable attorney's fees incurred in this matter.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a.  Award OMS a judgment jointly and severally against Cates Construction and UFCC in an amount in excess of $8,279.11, with interest at the maximum allowed by law to the time of payment.

b.  Award OMS its costs and disbursements incurred herein, including reasonable attorney's fees.

c.  Such other and further relief as the Court may deem just and equitable.

GECK, DUEA & OLSON, PLLC

Dated:  August 17, 2015    /s/ Christopher L. Olson
Christopher L. Olson (#0395191)
4770 White Bear Parkway, Suite 100
White Bear Lake, MN  55110
Telephone:  651-426-3249
Facsimile:  651-426-9501
chrisolson@gdolaw.com

**ATTORNEYS FOR
OPTIMUM MECHANICAL SYSTEMS, INC.**